FILED
2012 Jan-04 PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| **GWENDOLYN SMOTHERS** ) | |
| ) | |
| **Plaintiff** ) | **Civil Action No.:** |
| ) | |
| v. ) | **11-BE-4044-M** |
| ) | |
| **ETOWAH COUNTY COURTHOUSE** ) | |
| **REVENUE DEPARTMENT** ) | |
| ) | |
| **Defendant** ) | |

## AMENDED COMPLAINT

**I.   INTRODUCTION**

This action is brought to redress discrimination based on race pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1983, 1981 and 42 U.S.C. §1981a.

**II.   JURISDICTION**

1.   The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

**III.   PARTIES**

2.   Plaintiff, Gwendolyn Smothers, has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §

2000e et seq. Plaintiff Cook timely filed this action within the four-year statute of limitations set forth for racial discrimination claims brought under 42 U.S.C. § 1981 via 42 U.S.C. § 1983 [Baker v. Birmingham Bd. of Educ., 531 F. 3d 1336 (11th Cir. 2008)] and within ninety (90) days of the receipt of her notice of right to sue pursuant to Title VII.

3.   Defendant, Etowah County Courthouse Revenue Department, is an entity subject to suit under Title VII. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1981, 1981(a), and 42 U.S.C. § 1983. The Defendant employs at least fifteen (15) persons.

## IV.   STATEMENT OF FACTS

4.   Ms. Smothers was hired by the Defendant on or about October 10, 2010 in a clerical position. The position required that Ms. Smothers work as probationary employee for one year. Ms. Smothers performed her duties and responsibilities in a satisfactory manner.

5.   On or about November 8, 2010, Ms. Smothers was moved into a position previously occupied by another African-American employee. On June 10, 2011, Ms. Smothers was terminated without warning or explanation. Upon asking

why she was being terminated, Ms. Smothers was informed that no explanation was needed.

6. Plaintiff avers, upon information and belief, no African-Americans work in the Etowah County Courthouse Revenue Department.

7. Moreover, Defendant falsely reported to the Alabama Department of Industrial Relations that Ms. Smothers had been terminated for committing dishonest or criminal acts.

8. The Alabama Department of Industrial Relations determined that Defendant's accusations lacked sufficient merit to prevent Ms. Smothers from receiving unemployment compensation.

## V. CAUSES OF ACTION

### A. TITLE VII

9. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 8 above with the same force and effect as full set out in specific detail hereinbelow.

10. Plaintiff has been discriminated against solely because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991. This treatment by the Defendant affected the terms and condition and enjoyment of Plaintiff's employment.

11. The motivating factor for Defendant's actions regarding Plaintiff as

alleged in paragraphs 1 through 8, herein, was intentional discrimination on the basis of race.

12. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

13. The unlawful intentional actions of the Defendants alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

14. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants's unlawful policies and practices as set forth herein unless said behavior is enjoined by this Court.

**B.**     **42 U.S.C. §§§ 1983, 1981 and 1981a**

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 above with the same force and effect as full set out in specific detail hereinbelow.

16. The effect of the Defendant's discrimination as outlined above has been

to deprive the Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly-situated white persons in violation of 42 U.S.C. §§ 1983, 1981 and 1981a.

17. As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

18. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

19. The unlawful intentional actions of the Defendant, alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

20. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendant violated the rights of the Plaintiff as secured by Title VII, §1983 and §1981;

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII, §1983 and §1981;

3.     Require the Defendant to make the Plaintiff whole by awarding her back pay and benefits (plus interest), reinstatement with fully restored seniority (or front pay in lieu thereof), compensatory and punitive damages (or nominal damages in lieu thereof); and

4.     Award such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, reasonable attorney's fees and expenses.

Respectfully submitted,

/s/Roderick T. Cooks<br>
Roderick T. Cooks<br>
Attorney for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
2-20th Street North
Suite 1330
Birmingham, AL 35203

**DEFENDANT'S ADDRESS**
Etowah County Courthouse Revenue Department
800 Forest Avenue, Suite 207
Gadsden, AL 35901
(256) 546-5393